UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

FILED
U.S. DISTRICT COURT
ALBANY DIVISION

10 APR 12 AM II: 25

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | | |
|---|---|---|
| ERIN CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) CAUSE NO. | |
| | ) | |
| CAESARS RIVERBOAT CASINO, LLC | ) | |
| d/b/a HORSESHOE SOUTHERN | ) | **4 : 10 -cv- 0 0 3 4 RLY -WGH** |
| INDIANA, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.   Statement of the Case**

1.      Plaintiff, Eric Carter ("Carter"), brings this action against Defendant, Caesars

Riverboat Casino, LLC d/b/a Horseshoe Southern Indiana ("Defendant"), alleging violations of

the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq.

**II.   Parties**

2.      At all times relevant to this action, Carter resided in the Southern District of

Indiana.

3.      At all times relevant to this action, Defendant conducted business and maintained

offices in the Southern District of Indiana.

**III.   Jurisdiction and Venue**

4.      At all time relevant to this action, Carter was an "eligible employee" as that term is

defined by 29 U.S.C. § 2611(2).

5.      Defendant is an "employer" as that term is defined by 29 U.S.C. § 2611(4).

1

6.      Jurisdiction is conferred on this Court by 29 U.S.C. § 2617(a)(2), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

7.      All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located therein.   Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### IV.   Factual Allegations

8.      Carter began her employment with Defendant on or about September 29, 2008.

9.      At all times relevant to this action, Carter worked as a Special Events Coordinator and met or exceeded Defendant's legitimate expectations of performance.

10.     On December 8, 2009, Carter informed Defendant of her need to take a leave of absence for inpatient medical care that would result in her inability to work from January 3, 2010 – January 15, 2010.

11.     Carter's medical condition was a "serious health condition" as defined in the FMLA's governing regulations at 29 CFR § 825.113(a).

12.     Via letter dated January 6, 2010, Defendant informed Carter that her request for FMLA leave from January 3, 2010 – January 15, 2010 had been approved.

13.     Carter remained unable to work due to her "serious health condition" at the conclusion of her January 3, 2010 – January 15, 2010 FMLA leave.

14.     Carter requested an extension of her FMLA leave from Defendant on January 13, 2010.

15.     Defendant did not provide Carter with any FMLA certification paperwork in response to her request for an extension of her FMLA leave.

16.     Carter provided medical certification of her continuing inability to work to

2

Defendant on or about January 20, 2010 and January 26, 2010.

17.     On January 29, 2010, Defendant notified Carter she had "exhausted all leave options available to [her]" and, as a result, Defendant was "placing [her] in reassignment so that [she] would have the opportunity to partner with [Defendant's] employment team to find another position on the property that was better suited to [her] needs."

18.     Carter provided medical certification of her continuing inability to work to Defendant on or about February 1, 2010, February 10, 2010, and March 3, 2010.

19.     Via letter dated March 4, 2010, Defendant notified Carter that her employment was being terminated because she "had exhausted all available leave options and [was] still unable to return to [her] position."

20.     On March 17, 2010, Carter was cleared to return to work by her treating physician effective March 18, 2010.

### V.  Causes of Action - Violations of the FMLA

21.     Carter hereby incorporates paragraphs one (1) through twenty (20) of her Complaint.

22.     Defendant interfered with Carter's attainment of rights in violation of the FMLA.

23.     By failing to restore Carter to her previous position or a comparable position, Defendant deprived Carter of the substantive right of reinstatement to the position she held prior to taking FMLA-qualifying leave.

24.     Defendant's actions were intentional, willful, and/or undertaken in reckless disregard of Carter's rights as protected by the FMLA.

25.     Carter has suffered damages as a result of Defendant's unlawful actions.

## VI.   <u>Requested Relief</u>

WHEREFORE, Plaintiff, Erin Carter, respectfully requests that this Court enter judgment in her favor and provide her the following relief:

1.      Order Defendant to reinstate Carter to the position she held prior to taking FMLA-qualifying leave or to a comparable position with full seniority, benefits and wages, or pay to Carter front pay in lieu thereof;

2.      Order Defendant to pay to Carter any and all lost wages, benefits, compensation, and monetary loss suffered as a result of Defendant's unlawful actions;

3.      Order Defendant to pay to Carter liquidated damages;

4.      Order Defendant to pay to Carter all attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

5.      Order Defendant to pay to Carter pre- and post-judgment interest on all sums recoverable;

6.      Enjoin Defendant from future violations of the FMLA; and

7.      Order Defendant to provide Carter with all other legal and/or equitable relief to which she is entitled.


Respectfully submitted,


Andrew G. Jones (#23020-49)


Philip J. Gibbons, Jr. (#19353-49)

GIBBONS JONES, P.C.

Two Meridian Plaza
10401 North Meridian Street, Suite 130
Indianapolis, Indiana 46290
Telephone:      (317) 706-1100
Facsimile:       (317) 616-3337
E-Mail:          ajones@gibbonsjones.com
                 pgibbons@gibbonsjones.com

Attorneys for Plaintiff


## DEMAND FOR JURY TRIAL

Comes now the Plaintiff, Erin Carter, by counsel, and demands a trial by jury on all issues

deemed so triable.


Respectfully submitted,


Andrew G. Jones (#23020-49)
Philip J. Gibbons, Jr. (#19353-49)
GIBBONS JONES, P.C.
Two Meridian Plaza
10401 North Meridian Street, Suite 130
Indianapolis, Indiana 46290
Telephone:      (317) 706-1100
Facsimile:       (317) 616-3337
E-Mail:          ajones@gibbonsjones.com
                 pgibbons@gibbonsjones.com

Attorneys for Plaintiff